# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | NO. 1:10-cr-00006 |
| | ) | |
| BEAU C. VAUGHN | ) | JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Beau C. Vaughn's Motion for Reconsideration for Compassionate Release. (Doc. No. 106). The Government has filed a Response. (Doc. No. 112). Defendant filed a Motion to Amend or Supplement. (Doc. No. 113). The Motion to Supplement is **GRANTED**, and the Court will consider the supplemental information provided by Defendant in ruling on the Motion for Reconsideration.

Defendant filed a motion for compassionate release in the summer of 2020. Upon review of the motion, the Court denied Defendant's request for release on the grounds that the 18 U.S.C §3553(a) factors do not support a reduction of Defendant's sentence to "time served." (Doc. No. 104). Defendant now requests reconsideration in light of the Sixth Circuit's decision in *United States v. Jones*, 980 F.3d 1089 (6th Cir. 2020), which found that the policy statement § 1B1.13 is inapplicable to cases filed by prisoners requesting a reduction of their sentence under 18 U.S.C. §3582(c)(1)(A). The court in *Jones* instructs the lower courts to "skip" the step requiring consideration of the policy statement and use its discretion to define "extraordinary and compelling." *Id*. at 1111. Defendant does not state how the ruling in *Jones* entitles him to relief.

In ruling on Defendant's first motion, the Court determined that the policy statement was not binding and therefore it need not be considered. The Court stated:

> [T]he Sentencing Commission has not amended or updated Section 1B1.13 or the Applications Notes since the First Step Act was enacted. Therefore, although Section 1B1.13 and the Application Notes provide helpful guidance, district courts are not bound by those sources in determining what constitutes "extraordinary and compelling reasons" for compassionate release under Section 3852(c)(1)(A). *See United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *3-6 (M.D. Tenn. Mar. 4, 2020).

(Doc. No. 104 at 3). Further, although the Court expressed concerns that Defendant had adequately demonstrated extraordinary and compelling reasons, the Court continued to an evaluation of the Section 3553(a) factors and found that they did not support a reduction of Defendant's sentence.

Defendant cites the decision in *Jones* but does not explain how that ruling should alter the Court's previous analysis. In his supplement, Defendant states that he has been moved from FCI Oakdale to the minimum-security prison camp in Millington, TN, and that his Pattern score has been re-evaluated and determined to be low. He also states that he has expressed interest in receiving the COVID-19 vaccine but has not received it.

Because the Court conducted a complete analysis of Defendant's first motion and denied it upon consideration of the factors, it is not necessary to review those factors again. The Court did not consider the policy statement in ruling, and so the Sixth Circuit's decision in *Jones* does not change the Court's analysis or final decision.

For these reasons, Defendant motion for reconsideration is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE